GULLY, STATE TAX COLLECTOR, *v.* THOMAS *et al.*

(Division A. Jan. 7, 1935.)

[158 So. 465. No. 31475.]

o

May, Sanders, McLaurin & Byrd, of Jackson, for appellant.

J. A. Covington, Jr., of Meridian, for appellees.

Watkins & Avery, of Jackson, for appellees.

J. W. Backstrom, of Leakesville, for appellees.

754

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Greene county sustaining demurrers to an amended bill of complaint filed by the appellant against certain former members of the board of supervisors of Greene county and the sureties on their official bonds.

The bill of complaint, as amended, charged that bonds of Greene county in the sum of one hundred thousand dollars were issued and sold for the purpose of providing funds for the construction of roads and bridges, that, as a condition of the issuance of said bonds, it was recited in the order providing therefor that the board of supervisors would annually levy sufficient taxes to pay the interest on said bonds as it became due, and to provide a sinking fund for the retirement of the bonds at maturity, and that said special tax levy would be used for no other purpose.

The bill further charged that it was the statutory duty of the board of supervisors to annually levy a special tax to provide a fund for the payment of the interest on said bonds, and to create a sinking fund for the payment of the bonds at their maturity in the year 1946; that the

board of supervisors was not authorized by law to lend said bond and interest fund, except on real estate security as provided by section 5987 of the Code of 1930; that, after about fifty-one thousand dollars had been accumulated in the fund, the board of supervisors, at various dates during the year 1931, transferred therefrom to various other county funds amounts aggregating fifty thousand five hundred dollars; that the transfers were without authority of law and illegal, for the reason that under the provisions of the law under which the bonds were issued the said sinking fund could be used for no purpose other than the payment of principal and interest of said bonds, or for loans on improved real estate, and for the further reason that no previous notice was given of the intention of the board of supervisors to borrow said funds, and the use of the funds was without compliance with any statute authorizing the loan thereof. The bill further charged that no authorization existed for making such transfers, and that no provision was made for the repayment of said bonds, and that, because no levy can now be lawfully made to repay the transfer so made, the county has sustained a loss of the said sum of fifty thousand five hundred dollars, and prayed for a decree for said sum against the individual members of the board and the sureties on their official bonds.

In Paxton v. Baum, 59 Miss. 531, wherein it was held that members of boards of supervisors are personally liable only for appropriations of public funds to objects not authorized by law, in stating the test of personal liability, the court said: "It is for money appropriated to something for which the law does not permit it to be appropriated at all, in any way or under any circumstances, that members are personally liable." By sections 247, 251, 252, and 5987, Code 1930, jurisdiction of the subject-matter of lending the sinking funds of counties is conferred upon boards of supervisors, Gully, State Tax Collector, v. Bew (Miss.), 154 So. 721, and the

transfers of sinking funds involved in the case at bar were in effect mere loans of such funds to other county funds, although in an irregular and unauthorized manner. Sections 251 and 252 authorize the boards of supervisors of counties of the class of Greene to borrow not to exceed fifty thousand dollars in one year from the county treasury out of any funds therein not otherwise appropriated, and to issue their negotiable notes therefor bearing interest at not to exceed six per cent. per annum, while sections 247 and 5987 authorize the boards to lend sinking funds upon conditions and security therein prescribed.

In making these transfers from the sinking fund to other unrelated county funds, which were essentially loans of such fund, the board did not comply with the statutory requirements for such loans, and consequently these transfers were unauthorized. But, in view of the fact that the board was fully vested with jurisdiction to lend such fund, the fact that its power and jurisdiction was exercised in an irregular, unauthorized, or illegal manner does not of itself constitute such an appropriation of the funds to objects not authorized by law as to render the members of the board personally liable therefor. There was no charge of fraud or dishonest motive, or that such funds were appropriated to objects not authorized by law other than by the transfer to other county funds, and we conclude that the decree of the court below, sustaining the demurrers and dismissing the bill of complaint upon failure of the complainant to amend within the time allowed, was correct.

Affirmed.